# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

Michael E. Hamm,                          )          Case No. 9:21-cv-3084-RMG
                                          )
                    Plaintiff,            )
                                          )          **ORDER AND OPINION**
        v.                                )
                                          )
John Magill, *Director of South Carolina* )
*Department of Mental Health*, *et al.*,  )
                                          )
                    Defendants.           )
_____ )

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 51) recommending Defendants'[1] motions for summary judgment be granted. For the reasons set forth below, the Court adopts the R&R as the order of the Court and grants Defendants' motions for summary judgment.

## I.    Background

Plaintiff is currently being held in the custody of the South Carolina Department of Mental Health (SCDMH) as a sexually violent predator (SVP) under the provisions of the South Carolina Sexually Violent Predator Act (SVPA), S.C. Code § 44-48-10 et seq., as part of the Sexually Violent Predator Treatment Program (SVPTP). The SVPTP is the SCDMH-established facility pursuant to the provisions of the SVPA. (Dkt. No. 39-1 at 2). On December 1, 2016, the operation of the SVPTP was transferred via a management contract from SCDMH to Wellpath. (*Id.*). Wellpath provides licensed medical staff for the SVPTP, nursing services, sex offender treatment services, and access to physicians. (*Id.*). Additionally, Wellpath provides psychiatric and

_____

[1] All Defendants, except John Magill, are represented by the same counsel and filed one motion for summary judgment. (Dkt. No. 39). Defendant Magill filed a separate motion for summary judgment. (Dkt. No. 40).

psychological treatment to the residents of the SVPTP. (*Id.*). Defendants are or were Wellpath employees at the SVPTP serving in various capacities

In his complaint, Plaintiff makes two sets of allegations, the first alleging Defendants violated Title II of the Americans with Disabilities Act (ADA) "and/or" the Rehabilitation Act of 1973, and the second alleging violation of his constitutional rights under 42 U.S.C. § 1983. *See* R&R, (Dkt. No. 3-4).

Defendants moved for summary judgment, (Dkt. Nos. 39, 40), and Plaintiff opposed, (Dkt. No. 43). All Defendants except Magill filed a reply. (Dkt. No. 45).

On October 13, 2022, the Magistrate Judge filed an R&R, recommending that Defendants be granted summary judgment on various grounds. (Dkt. No. 51).

On November 15, 2022, the Court extended at Plaintiff's request the time by which objections to the R&R could be filed until November 28, 2022. To date, Plaintiff has not filed any objections.

## II.     Legal Standards

### a.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections, the Court reviews the R&R for clear error.

### b. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### c. Fed. R. Civ. P. 56

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *See id.* Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment must demonstrate that specific, material facts exist that give rise to a genuine issue. *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III.    **Discussion**.

After a thorough review of the R&R and the applicable law, the Court adopts the R&R in its entirety and hereby incorporates the R&R by reference. Accordingly, the Court grants Defendants' motions for summary judgment. As explained in detail in the R&R, numerous bases exist on which summary judgment must be granted to Defendants. *See* R&R, (Dkt. No. 51 at 6-11) (noting that Plaintiff's § 1983 claims fail substantively and under FRCP 8 as they "contain no specific allegations" as to any individual defendant which would "allow this Court to draw the reasonable inference that any of the named Defendants are liable for any misconduct"); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (noting that as to § 1983 claims, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (noting liability will only lie in § 1983 actions where it is "affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights"); R&R, (Dkt. No. 51 at 11-12) (because Plaintiff's claims failed to allege violations of his constitutional rights, "they are also shielded from liability by qualified immunity"); *Lott v. Budtz*, No. 6:19-1087, 2020 WL 3051320, at *1 (D.S.C. June 8, 2020); R&R, (Dkt. No. 51 at 12-13 & n.8) (explaining why Plaintiff fails to state an ADA claim—namely that the complaint lacks allegations as to the actions of specific defendants and that, further,

on the evidence before it, it appears unlikely Plaintiff "has even sufficiently pleaded the first two elements of an ADA claim under Title II") (citing affidavit evidence provided by Defendants to this effect).

## IV.     Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 51) as the order of the Court and grants' Defendants' motions for summary judgment (Dkt. Nos. 39, 40).  Plaintiff's pending motion for injunctive relief (Dkt. No. 44) is **DENIED** as moot. The Clerk is directed to close this action.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

December 5, 2022
Charleston, South Carolina